******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

FLYNN, J., concurring. I concur with the majority opinion but write separately because, although it would not change the result in this case, I fail to see how the interlocutory summary judgment that the trial court rendered on "liability" could find the defendant personally liable for anything as a matter of law.

Section 17-50 of the Practice Book entitled "Triable Issue as to Damages Only," provides in pertinent part: "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages. In such case the judicial authority shall order an immediate hearing before a judge trial referee, before the court, or before a jury, whichever may be proper, to determine the amount of the damages. . . ." This rule is designed to deal with cases where a plaintiff is liable for some amount of at least nominal damages. When used before the court has determined what type of foreclosure judgment may enter, there is no certainty that the defendant debtor is liable even for nominal damages.

This was an action to foreclose a mortgage, not simply a suit on a note. Although a mortgage note was signed by the defendant, Lynn DeGennaro, together with a mortgage deed, at the time of entry of the interlocutory "summary judgment on liability," there was no legal basis to determine that the defendant had any personal liability. This is so because the court had not determined whether the judgment of foreclosure would be a strict foreclosure, which would be rendered if there were no redemption and vest title in the plaintiff mortgagee, or a foreclosure by sale at auction. If a strict foreclosure judgment and there were a redemption, there could be no future monetary liability on the defendant. If a strict foreclosure judgment, no redemption, and no plaintiff's timely deficiency motion "[a]t any time within thirty days after the time limited for redemption expired,"[1] there would not be a money judgment against the defendant debtor. If a foreclosure by sale, and the sales proceeds would not fully compensate the foreclosing creditor in full, "the deficiency shall be determined" pursuant to General Statutes § 49-28. Under that statute, if the plaintiff were the party who moved for foreclosure by sale, "no judgment shall be rendered in the [foreclosure] suit or in any other" until one half of the difference between the appraised value and the selling price has been credited. As pointed out in the treatise by Denis Caron and Geoffrey Milne, "[u]nder certain circumstances . . . this formula may operate to eradicate the deficiency completely."[2]

Under these circumstances, although it has become very common, making a motion for interlocutory sum-

mary judgment on liability in a foreclosure case is the procedural equivalent of trying to drive a nail with the blade of a saw.

[1] General Statutes § 49-14 (a).

[2] D. Caron & G. Milne, Connecticut Foreclosures (5th Ed. 2011) § 10-5:2, p. 575.